**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Ebony Stanley,

        Plaintiff,                         Case No. 2:07cv602

    v.                                  Judge Michael H. Watson

Volvo Parts North America,

        Defendant.

## OPINION AND ORDER

Before the Court are the following:

1.      The March 13, 2008 Motion of Defendant Volvo Parts North America (hereinafter "Defendant") for Summary Judgment (Doc. 17).  Plaintiff Ebony Stanley (hereinafter "Plaintiff") filed a Memorandum Contra on April 7, 2008 (Doc. 22).  Defendant filed a Reply Memorandum on April 17, 2008 (Doc. 23).

2.      The March 14, 2008 Motion of Plaintiff for Summary Judgment (Doc. 19). Defendant filed a Memorandum Contra on April 7, 2008 (Doc. 21). Plaintiff filed a Reply Memorandum on April 18, 2008 (Doc. 24).

These matters are ripe for review.  Based upon the foregoing reasons, Plaintiff's Motion for Summary Judgment is hereby **DENIED** and Defendant's Motion for Summary Judgment is hereby **GRANTED.**

## I.    FACTS

Plaintiff began employment with Defendant on or about February 1, 2000. Prior

to beginning her employment, she was provided with Defendant's Rules and

Regulations. Rule 3 provides, in relevant part:

> Falsification of Personnel or Other Records. Falsification of personnel or other records, including but not limited to, absences, sickness, death notices, jury duty leave, accident investigations, time records, etc.

After 90 days of employment, Plaintiff joined the United Auto Workers Local 2269

(hereinafter "UAW"). A collective bargaining agreement (hereinafter "CBA") is in place

between Defendant and UAW. Article 9, §8 of the CBA provides, in pertinent part,

"...employees on [Family Medical Leave Act (hereinafter "FMLA")] leave are prohibited

from engaging in other employment."

In 2001, Plaintiff was diagnosed with chronic anemia. Her symptoms include

fatigue, nausea and headaches. The duration of the symptomology varies.

On February 3, 2006, Plaintiff signed a form, completed by her physician, which

certified her need for intermittent FMLA based on her anemia diagnosis. On February

14 and 15, 2006, Plaintiff called off from her 2:30 p.m. to 11:00 p.m. shift, citing FMLA

leave. Additionally, Plaintiff took FMLA leave on February 20, 2006, and from March 7

through 15, 2006.

In February, 2006, Defendant requested surveillance of Plaintiff by McGough &

Associates, Investigative Services (hereinafter "M&A"). On February 14, 2006, an M&A

investigator conducted surveillance of Plaintiff. The investigator's report (hereinafter

"Report") (Doc. 17, Ex. B) set forth the following observations:

2:07cv602

- At approximately 11:01 p.m., Plaintiff exited her apartment building and entered her vehicle.

- At approximately 11:02 p.m., Plaintiff departed her residence.

- At approximately 11:20 p.m., Plaintiff entered a strip center and parked behind the Bank One on South Hamilton Road in Columbus. Ohio.

- At approximately 11:21 p.m., Plaintiff exited her vehicle pulling a black suitcase on wheels and entered a business called the Boulevard.

- The Boulevard was a nightclub with two pool tables, a bar, a stage with a metal pole and multiple tables around the stage area.

- Multiple African American females walked around the nightclub in lingerie type clothing.

- At approximately 11:46 p.m., Plaintiff exited the woman's restroom wearing a one piece red thong bathing suit. Plaintiff sat at the corner bar and conversed with several customers and employees of the bar.

- At approximately 11:54 p.m., Plaintiff walked into view and entered the stage.  Plaintiff proceeded to dance on the stage for one song wearing the same red outfit. Plaintiff danced on stage for a second song after removing the red outfit. Plaintiff was wearing a black beaded thong.

- From approximately 12:02 a.m. to approximately 1:35 a.m., Plaintiff engaged in the following activities: dance exotically on the stage for two songs repeating her previous routine, changing clothes multiple times. conversing with several of the other exotic dancers and customers of the bar, receiving several cash tips while dancing and drinking an unknown red beverage out of a wine glass.

On March 7, 2008, Defendant again requested surveillance of Plaintiff by an

M&A investigator.  The Report set forth the following observations:

- At approximately 11;16 p.m., Plaintiff and an unknown African American female exited Plaintiff's building, entered her vehicle and departed the area.

- At approximately 11:19 p.m., Plaintiff's vehicle entered and parked in the Boulevard's parking lot located on South Hamilton Road in Columbus,

> Ohio. Plaintiff and her friend exited the vehicle and entered the Boulevard. Plaintiff was pulling a medium size dark colored suitcase

- At approximately 12:07 a.m., Plaintiff was dancing on stage wearing red lingerie.

- From approximately 12:08 a.m. until approximately 2:00 a.m., Plaintiff engaged in the following activities: dancing and stripping on stage for several songs while receiving cash tips, walking and dancing around the club while not on stage and conversing with several dancers and customers.

On March 17, 2006, Defendant terminated Plaintiff's employment citing violations

of Rule 3 and Article 9, § 8 of the CBA.

On April 9, 2007, Plaintiff filed the instant action. Plaintiff claims that the

termination of her employment by Defendant interfered with her FMLA rights under 29

U.S.C § 2615(a)(1), and was retaliation for taking FMLA leave under 29 U.S.C §

2615(a)(2).

## II.    ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law." Fed.R.Civ.P. 56(C). The moving party has the burden

of showing an absence of evidence to support the non-moving party's case. *Celotex

Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of

production, the non-moving party cannot rest on his pleadings, but must present

significant probative evidence in support of his complaint to defeat the motion for

summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The

mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

        1.    *FMLA Generally*

"The FMLA entitles qualifying employees to up to twelve weeks of unpaid leave each year if, among other things, an employee has a 'serious health condition that makes the employee unable to perform the functions of the position of such employee.'" *Walton v. Ford Motor Co.,* 424 F.3d 481, 485 (6th Cir. 2005), *quoting* 29 U.S.C. § 2612(a)(1)(D).   Moreover, it is "unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided for under [the FMLA]." 29 U.S.C. § 2615(a)(1). Courts define "interfering with" to include "violating the FMLA, refusing to authorize FMLA leave, discouraging an employee from taking FMLA leave, and manipulating the work force to avoid responsibilities under the FMLA." *Hensley v. Baptist Hosp.*, 1997 U.S. Dist. LEXIS 22515 (E.D. Tenn., Oct. 27, 1997). Additionally, the FMLA makes it "unlawful for any employer to discharge or in any manner discriminate against any individual for opposing any practice made unlawful by this title." 29 U.S.C. § 2615(a)(2). An employee taking FMLA leave must be reinstated by the employer to the employee's previous position of employment or an equivalent position. 29 U.S.C. §2614(a)(1).

Two distinct theories of recovery arise under the FMLA. *See Alban v. West Pub. Co.,* 345 F.3d 390, 400-401 (6th Cir. 2003).   The first is the interference or entitlement

theory. The second theory is the retaliation or discrimination theory. *See Edgar v. JAC Products, Inc.*, 443 F.3d 501, 507-508 (6th Cir. 2006).

      2.    *Interference Claims*

Plaintiff asserts Defendant interfered with her rights under the FMLA. To prevail on a claim based on interference Plaintiff must establish the following:

    1.     she was an eligible employee;
    2.     Defendant was an employer as defined under the FMLA;
    3.     she was entitled to leave under the FMLA;
    4.     she gave Defendant notice of her intention to take FMLA leave; and
    5.     the employer denied FMLA leave/benefits to which she was entitled.

*Id.*, at 507. "If an employer interferes with the employee's right to the leave, the deprivation of the right is a violation of the FMLA regardless of the employer's intent." *Carpenter v. Kaiser Permanente*, 2006 U.S. Dist. LEXIS 69564 (N.D. Ohio, September 27, 2006). However, the FMLA is not a strict-liability statute. *Edgar,* at 507, *citing Throneberry v. McGehee Desha County Hosp.*, 403 F.3d 972, 977 (8th Cir. 2005).[1] Thus, 29 U.S.C. § 2617 "provides no relief unless the employee has been prejudiced by the violation." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002).

Furthermore, the right to reinstatement after FMLA leave is not absolute. *Pharakhone v. Nissan North America, Inc.,* 324 F.3d 405, 407 (6th Cir.2003), *citing Kohls v. Beverly Enter. Wisconsin, Inc.* 259 F.3d 799, 804 (7th Cir. 2001). "An employer need not reinstate an employee who would have lost his job even if he had not taken

---

[1]As stated by the *Throneberry* court:
> Every discharge of an employee while she is taking FMLA leave interferes with an employee's FMLA rights. However, mere fact of discharge during FMLA leave by no means demands an employer be held strictly liable for violating the FMLA's prohibition of interfering with an employee's FMLA rights.
403 F.3d at 980.

FMLA leave." *Id.* (citations omitted). For example, "an employer need not reinstate an employee if application of 'a uniformly-applied policy governing outside or supplemental employment' - *i.e.*, a rule against working while on leave - results in the employee's discharge." *Pharakhone*, at 407, *citing* 29 C.F.R. 825.312(h), *Sepe v. McDonnell Douglas Corp.*, 176 F.3d 1113, 1115-16 (8th Cir. 1999). The *Pharakhone* court further states, "It follows from this that 'whether an employer violates the FMLA turns on why the employee was not reinstated.'...If the employee cannot show that he was discharged because he took leave - or at least that his taking of leave was a 'negative factor' in the employer's decision to discharge him - he cannot show a violation of the FMLA." At 507 (citations omitted).

Currently, Plaintiff asserts it is not in dispute as to whether Plaintiff was FMLA eligible, whether Defendant was an FMLA covered employer, whether Plaintiff provided satisfactory certification from a health care provider as to the need for FMLA leave or whether Plaintiff provided proper notice to Defendant for availing herself of her certified FMLA leave. Instead, Plaintiff contends the sole dispute concerns whether Defendant's reasons for terminating Plaintiff's employment were legitimate or whether they constitute interference with Plaintiff's FMLA rights.

Defendant contends Plaintiff was not restored to her position because she engaged in outside employment while on FMLA leave and falsified records, both in violation of company policy. Plaintiff avers she never was employed at the Boulevard, and therefore, was neither engaged in outside employment nor falsified records.

However, Defendant maintains it had an honest belief, based on the information obtained by M&A, that Plaintiff was engaging in outside employment.

Upon consideration of the evidence, viewed in a light most favorable to Plaintiff, the Court concludes Plaintiff is unable to establish her interference claims. The evidence shows Plaintiff's termination resulted not from her taking FMLA leave but from Defendant's application of Article 9, § 8 of the CBA, the prohibition against outside employment while on FMLA leave. It was Plaintiff's behavior in engaging, in what Defendant honestly believed to be, outside employment which resulted in her termination. Specifically, to echo *Pharakhone* court, Plaintiff is unable to demonstrate that her taking FMLA leave was a negative factor in Defendant's decision to terminate her employment, and not reinstate her. Instead, the evidence clearly shows that Defendant believed Plaintiff was engaged in outside employment while on FMLA leave, which is in violation of the CBA.

This conclusion is not altered by Plaintiff's assertion she was not employed by the Boulevard and, instead, engaged in these activities for relaxation and personal enjoyment. An employer does not violate the FMLA by terminating an employee if the employer held an honest belief based on particularized facts that the employee abused that leave. *Stonum* v. *U.S. Airways, Inc.*, 83 F.Supp.2d 894, 903 (S.D. Ohio 1999), *citing Smith v. Chrysler Corp.*, 155 F.3d 799, 805 (6th Cir. 1998). Currently, the evidence demonstrates Defendant held an honest belief based on particularized facts that Plaintiff was engaging in outside employment at the time it terminated her employment. The observations of the M&A investigator, as set forth in the Report, are sufficient to lead a reasonable person to believe Plaintiff was engaged in employment

2:07cv602

as an exotic dancer while on FMLA leave. Plaintiff arrived at the Boulevard with a suitcase. Upon arriving she changed into exotic clothing, got on the stage and danced while removing articles of clothing. Moreover, she was observed during the evening dancing on stage a number of times. Further, she was observed receiving several cash tips while dancing. Finally, she was observed changing her outfits during the course of the evening. This behavior, to a reasonable person, is consistent with an individual who is engaged in the business of exotic dancing for employment. As such, contrary to Plaintiff's argument, Defendant's decision was not based on ignorance and mythology. *See Smith,* 155 F.3d 799 . Moreover, the Court notes Defendant did not act hastily in terminating Plaintiff. Instead, Defendant engaged M&A's services several times. On two occasions, Plaintiff was observed engaging in exotic dancing at the Boulevard. It was not until Plaintiff was observed twice going to Boulevard and engaging in ths aforementioned behavior that Defendant decided to terminate her employment.

Plaintiff argues Defendant was unable to hold an honest belief because Defendant failed to conduct a more thorough investigation regarding her activities prior to her termination. Plaintiff contends Defendant failed to question her, the management or the patrons at the Boulevard. Moreover, Plaintiff maintains Defendant should have requested Plaintiff attend a second medical evaluation.

However, contrary to Plaintiff's assertions, an employer is under no obligation to seek clarification from an employee who is on FMLA leave prior to terminating the employment. *Stonum* 900-901. As stated by the *Smith* court:

> In deciding whether an employer reasonably relied on the particularized facts then before it, we do not require that the decisional process used by the employer be optimal or that it left no stone unturned. Rather, the key inquiry is

2:07cv602

> whether the employer made a reasonably informed and considered decision
> before taking an adverse employment action.

155 F.3d at 807.  Accordingly, Defendant was not obligated under the law to inquire
further of anyone.

Finally, the Court notes Plaintiff's argument that intent is not relevant in an FMLA
interference claim.  As such, Plaintiff contends an examination of whether Defendant
acted with an honest belief, based on particularized facts, in terminating Plaintiff for
allegedly engaging in outside employment is irrelevant.  However, as stated above,
reinstatement is not an absolute right.  An employer does not violate the FMLA if the
reason for terminating the employee is unrelated to the FMLA leave.  *See Pharakhone
v. Nissan North America, Inc.,* 324 F.3d 405, 407 (6th Cir.2003) (citation omitted).
Plaintiff was terminated because she violated Article 9, § 8 of the CBA and Rule 3, not
because she exercised her rights under the FMLA.  As such, it is Defendant's decision
to terminate Plaintiff for violating the aforementioned rules to which the Court applies
the honest belief standard.  Thus, the Court is not examining Defendant's intent with
respect to its actions relating to Plaintiff taking FMLA leave.

  2. *Retaliation Claim*

A retaliation claim under the FMLA based upon circumstantial evidence is
subject to the burden shifting analysis set forth in *McDonnell Douglas Corp v. Green*,
411 U.S. 792 (1973).  *Edgar,* 443 F.3d at 508.  Therefore, to establish a *prima facie*
case based on circumstantial evidence, Plaintiff must demonstrate:

1.    she availed herself of a protected right under FMLA;
2.    she was adversely affected by an employment decision; and
3.    there was a causal connection between the employee's protected activity and the employer's adverse employment action.

*Id.*

Upon establishing a *prima facie* case, the burden shifts to Defendant to show a "legitimate, nondiscriminatory rational for discharging the employee" once the employee satisfies the above requirements. *Id., quoting Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 315 (6th Cir. 2001).  If Defendant proffers a legitimate reason for termination, Plaintiff must show that the reason was actually a "pretext to mask discrimination." *Skrjanc*, 272 F.3d at 315.

For purposes of this Opinion, the Court assumes Plaintiff establishes a *prima facie* case of FMLA retaliation.  Moreover, Defendant has proffered two legitimate, non-discriminatory reasons for Plaintiff's termination: violations of Rule 3 and  Article 9, § 8 of the CBA.  *See Joostberns v. United Parcel Services, Inc.*, 166 Fed.Appx 783, 794 (6th Cir. 2006) (Employer's claim that it terminated employee for violating the dishonesty policy when the employee mailed packages without paying for them was a legitimate, non-discriminatory reason).  As such, the focus of the Court's inquiry is on whether Plaintiff is able to show that Defendant's legitimate, non-discriminatory reasons were pretextual.

An employee may prove pretext by providing "sufficient evidence from which the jury [could] reasonably reject the employer's explanation." *Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078, 1083 (6th Cir.1994).  Pretext can be established by showing that the employer's reason:

2:07cv602

1.    had no basis in fact;
2.    did not actually motivate the decision to terminate; or
3.    was insufficient to warrant the decision to terminate.

*Manzer,* 29 F.3d at 1084.  "A plaintiff must do more than simply impugn the legitimacy

of the asserted justification for her termination; in addition, the plaintiff 'must produce

sufficient evidence from which the jury may reasonably reject the employer's

explanation.' " *Warfield v. Lebanon Correctional Inst.,* 181 F.3d 723, 730 (6th Cir. 1999),

*citing Manzer,* 29 F.3d at 1083.  Plaintiff "must put forth evidence which demonstrates

that the employer did not 'honestly believe' in the proffered non-discriminatory reason

for its adverse employment action." *Braithwaite v. Timken Co.,* 258 F.3d 488, 494 (6th

Cir. 2001).

        Again, the issue is whether Defendant had an honest belief that Plaintiff was

engaging in outside employment while on FMLA leave.  Again, the Court "must consider

whether the employer can establish its 'reasonable reliance' on the particularized facts

that were before it at the time the decision was made." *Brathwaite,* at 494.  In so doing,

it is not the Court's job to "second guess the business judgment of the employer, but

simply evaluate 'whether the employer gave an honest explanation of its behavior.'"

*Hedrick v. W. Res. Care Sys.,* 355 F.3d 444, 462 (6th Cir. 2004).

        As stated above, the Court concludes, viewing the evidence in a light most

favorable to Plaintiff, that Plaintiff is unable to establish Defendant's proffered reason

was pretextual.  At the time Defendant terminated Plaintiff's employment, it had before

it the Report from the M&A investigator which contained particularized facts as to

Plaintiff's behavior at the Boulevard.  To reiterate, the facts in the Report were, *inter*

*alia,* that Plaintiff, arrived at the Boulevard with a suitcase, changed into exotic clothing,

2:07cv602

danced on a stage with a metal pole several times, removed articles of clothing, and received cash tips from patrons while dancing. Moreover, the fact that Defendant did not question Plaintiff regarding her activities at the Boulevard does not mean Defendant's belief was not honestly held. *See McConnell v. Swifty Transp. Inc.*, 198 Fed. Appx. 439 (6th Cir. 2006) (Failure of employer to question employee regarding validity of threat does not mean employer's belief as to the threat was not honestly held.).

## III.   CONCLUSION

Upon consideration of the evidence before the Court, viewed in a light most favorable to Plaintiff, the Court concludes genuine issues of material fact do not exist as to Plaintiff's claims for interference and retaliation and judgment as a matter of law in Defendant's favor is appropriate. At the time of Plaintiff's termination, Defendant held an honest belief, based on particularized facts, that Plaintiff was engaged in outside employment while on FMLA leave in violation of Defendant's rules and the CBA.

Accordingly, the March 13, 2008 Motion of Defendant for Summary Judgment (Doc. 17) is hereby **GRANTED** and the March 14, 2008 Motion of Plaintiff for Summary Judgment (Doc. 19) is hereby **DENIED.**

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court

2:07cv602

13